# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**GEORGE RICHARD MENDOZA,**

    **Plaintiff,**

v.                                         **CASE NO.: 4:21-CV-00363-MW-MAF**

**MARK S. INCH,**
**et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION RE: PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION, ECF NO. 9

This Cause comes before the Court upon Plaintiff's latest filing entitled, "Motion for Extension of Time and Preliminary Injunction." ECF No. 9.

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this case pursuant to 42 U.S.C. § 1983, ECF Nos. 1, 6. Plaintiff is seeking a transfer to an institution located near his family based on an incentivized prison program; and alleges that the denial of his request amounts to discrimination. ECF No. 8. It is worth noting the Court reviewed the initial complaint, found it legally insufficient, and ordered Plaintiff to amend. ECF No. 6. Plaintiff filed an amended complaint followed by the instant motion for injunctive relief. ECF Nos. 8, 9. The second amended complaint is also insufficient because

it is an impermissible shotgun pleading. ECF No. 8. The Court, again, ordered Plaintiff to amend on or before **December 9, 2021**. ECF No. 10.

For the reasons stated, Plaintiff's motion for an extension of time is denied as moot. After careful consideration, the undersigned recommends that the motion for injunctive relief be denied.

**I.    Plaintiff's Allegations in the Motion for Injunctive Relief, ECF No. 9.**

Plaintiff seeks a thirty-day extension to file his amended complaint because he has been transferred to another prison facility and has limited access to the prison law library, his personal documents, and other materials. ECF No. 9, generally. Plaintiff's motion for an extension of time is due to be denied as moot because he filed his amended complaint and was ordered to amend a second time. Plaintiff now has until **December 9, 2021**, to file a second amended complaint. ECF No. 10.

To support his request for injunctive relief, Plaintiff claims that "racist and transphobic staff out of retaliation" are restricting his "access to the law library for inmate law clerk assistance, research, and copying services." ECF No. 9, p. 2. Plaintiff claims that he was transferred to Florida State Prison on September 24, 2021 and did not receive his property until October 4, 2021. Id. Plaintiff informed prison personnel that he was ordered to submit an amended complaint by November 2, 2021. Id. According to Plaintiff, a law

library employee, H. Williams, told Plaintiff that he would be placed on a waiting list because he did not have proof of the upcoming deadline. Id., pp. 2-3. Williams is not providing Plaintiff access to make copies and fails to prevent originals from being lost or intentionally thrown out or to ensure the confidentiality of those documents. Id., p. 3. Plaintiff claims he was denied access to law library services until October 29, 2021. Id. Plaintiff did not sign the instant motion under the penalty of perjury.

Plaintiff asks the Court to grant him immediate access to the prison law library, law clerk assistance, research and copying services, and to establish a copying service system in the prison that ensures prisoners' legal work is not lost, destroyed, and remains confidential. Id., p. 4. Plaintiff also asks the Court to direct prison staff to accompany an inmate law clerk to pick up legal documents for copying and to deliver the documents with the copies as performed in other confinement units at other prison facilities. Id., pp. 4-5.

## II. Standard of Review

It is within the sound discretion of the district court to grant or deny a preliminary injunction, which will not be disturbed absent a clear abuse of discretion. Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). See also LSSi Data Corp. v. Comcast Phone, LLC, 696 F.3d 1114, 1119 (11th Cir. 2012). The standard for issuing a preliminary injunction is the same as is

required for a temporary restraining order. See <u>California v. American Stores Co., et al.</u>, 492 U.S. 1301 (1989); <u>Johnson v. U.S. Dep't of Agriculture</u>, 734 F.2d 774 (11th Cir. 1984).

In order for Plaintiff to be entitled to a preliminary injunction, he must show:

1. a substantial likelihood of success on the merits;

2. the order is necessary to prevent irreparable injury;

3. the threatened injury outweighs the harm that the order would cause to the non-movant; and

4. the order is not adverse to the public interest.

<u>DeYoung v. Owens</u>, 646 F.3d 1319, 1324 (11th Cir. 2011); <u>see also</u> <u>Winter v. Nat. Res. Def. Council</u>, 555 U.S. 7, 20 (2008). District courts within the Eleventh Circuit are applying the standard set forth in <u>Winter</u>. See <u>Madera v. Detzner</u>, Case No. 1:18-cv-152-MW/GRJ, 325 F. Supp. 3d 1269, 1278 (N.D. Fla. Sept. 10, 2018) (citing <u>Winter</u> as the governing standard for a preliminary injunction). A preliminary injunction is "not to be granted unless the movant clearly established the burden of persuasion as to each of the four prerequisites." <u>Siegel v. LePore</u>, 234 F.3d 1163, 1176 (11th Cir. 2000).

> The basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies. A showing of irreparable harm is the *sine qua non* of injunctive relief. The injury must be neither remote nor speculative, but actual and imminent. An injury is

> 'irreparable' only if it cannot be undone through monetary remedies. The key word in this consideration is *irreparable*. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.

Northeastern Florida Chapter of Ass'n of General Contractors v. Jacksonville, 896 F.2d 1283, 1285 (11th Cir. 1990) (internal citations and quotations omitted).

Typically, the individual or entity from whom the injunctive relief is sought must be a party to the underlying action. See In re Infant Formula Antitrust Litig., MDL 878 v. Abbott Laboratories, 72 F.3d 842, 842 (11th Cir. 1995); see Fed. R. Civ. P. 65(d) (stating that a preliminary injunction or temporary restraining order is binding on "(A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)").

## III. Discussion

First, there is no substantial likelihood of success on the merits of the claims against H. Williams because there is no pending civil action against this prison employee; and he is not a named defendant in this case. This Court does not have the authority to bind individuals who are not parties to

this action (nor otherwise referenced in the complaint) with a preliminary injunction order directing immediate access to the law library, law clerk assistance, research, and copying services. Plaintiff's motion requesting access to the law library and copying services does not have a sufficient nexus or relationship to the underlying amended complaint. Plaintiff did not claim the denial of access to the courts, to the law library, or other services. Rather, Plaintiff sued the Secretary for the Florida Department of Corrections because his request for a transfer to another prison was denied

Second, Plaintiff fails to show the type of imminent danger of irreparable harm necessary to support the issuance of a preliminary injunction or temporary restraining order. Even if the claim were related to the instant case, the motion would likely be denied. It is well settled that "the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by provided prisoners with adequate law libraries or adequate assistance from persons trained in the law." Wilson v. Blankenship, 163 F.3d 1284, 1290 (11th Cir. 1998) quoting Bounds v. Smith, 430 U.S. 817, 828 (1977). Prisoners must also be provided with writing materials, notarial services, and stamps. Bounds, 430 U.S. at 823-25. However, "prisoners have no inherent or independent right of access to a law library or to legal

assistance." Id. citing <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). Plaintiff must show actual injury and "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." <u>Lewis</u>, 518 U.S. at 351. Here, Plaintiff makes no showing of actual injury as required by <u>Lewis</u>. To the contrary, Plaintiff filed an amended complaint, which the Court reviewed and issued Plaintiff a second order to amend. Plaintiff has more than adequate access to the courts.

The Court need not address every prerequisite. It is sufficient to find that Plaintiff has not met all four prerequisites to warrant injunctive relief.

## IV.   Conclusion and Recommendation

For the reasons stated above, it is **ORDERED** that Plaintiff's motion for an extension of time to file an amended complaint is **DENIED** as **MOOT**. Plaintiff's second amended complaint remains due on or before **December 9, 2021**.

As to the remainder, it is respectfully **RECOMMENDED** that Plaintiff's motion for injunctive relief, ECF No. 9, be **DENIED** with prejudice. The Clerk is directed to remand the case to the Undersigned Magistrate Judge for further proceedings.

IN CHAMBERS at Tallahassee, Florida, on November 9, 2021.

<u>**s/ Martin A. Fitzpatrick**</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

<u>NOTICE TO THE PARTIES</u>

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).