# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GEORGE RICHARD MENDOZA,**

    **Plaintiff,**

**v.**                       **CASE NO.: 4:21-CV-00363-MW-MAF**

**FLORIDA DEP'T OF CORR.**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, George Richard Mendoza, a prisoner proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and was granted leave to proceed *in forma pauperis* (IFP).[1] ECF No. 1, 6. This Cause comes before the Court upon Plaintiff's Second Amended Complaint. ECF No. 13. The Court reviewed the complaint as required under 28 U.S.C. § 1915A and finds it legally insufficient. Plaintiff has been granted liberal opportunity to amend. For the reasons stated below, Plaintiff's complaint should be dismissed for failure to state a claim; and the case should be closed.

---

[1] Plaintiff initiated the case against Mark S. Inch, the former secretary of the Florida Department of Corrections. ECF No. 1. Inch is no longer a defendant. ECF No. 13.

**I.    Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and 1915A(b)**

Because Plaintiff is a prisoner proceeding IFP, his complaint requires a preliminary review and initial screening 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Pursuant to the statutes, the Court must dismiss a prisoner's complaint, or any portion thereof, if it is frivolous, malicious, fails to state a claim or seeks damages from defendants who are immune. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. Sinaltrainal v Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A *pro se* litigant's allegations are entitled to the benefit of liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." GJR Invs. v. Cty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir.1998) (overruled on other grounds by Iqbal, 556 U.S. 662).

"Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint "must contain something more . . . than . . . a statement of

facts that merely creates a suspicion [of] a legally cognizable right of action." Id. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. To escape dismissal, the complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." Id. "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" Franklin v. Curry, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

## II. Relevant Litigation History

Plaintiff initiated this case on August 31, 2021, by filing suit against the former secretary for the Florida Department of Corrections (FDOC). ECF No. 1. Plaintiff's claims relate to the FDOC's incentivized prison program, which allows inmates to be transferred to one of four designated institutions to be closer to their permanent residences based on good behavior.[2] Id. Specifically, Plaintiff seeks a transfer to Everglades C.I. because it would

---

[2] The four designated prisons are: Everglades, C.I., Marion C.I., Jefferson C.I., and Madison C.I. ECF No. 1, p. 5.

place him closer to his "elderly" parents who are "in bad health." Id. Plaintiff claimed he was denied the transfer because he is transgender. Id., pp. 5-6. Plaintiff provided no relevant dates and did not attribute the denial of any requests to any prison official. Id. As relief, Plaintiff sought an injunction prohibiting FDOC from denying his transfer request and prohibiting FDOC from carrying out the policy with any other inmate. Id., p. 8.

The Court found Plaintiff's complaint was insufficient for several reasons, including but not limited to the following: (1) Plaintiff's complaint amounted to an impermissible shotgun pleading because it did not attribute any acts or omissions to the named defendant; (2) without any dates alleged it could not be determined whether Plaintiff's claims were within the statute of limitations; and (3) dismissal was likely because prisoners are not entitled to the housing of their choosing or any classification. ECF No. 6. The Court ordered Plaintiff to amend.

Plaintiff filed a first amended complaint, which failed to cure the deficiencies outlined by the Court's order. ECF No. 8. Plaintiff again sued the FDOC secretary and raised the same claim – that he was denied a transfer to Everglades C.I. Id., p. 5. Plaintiff stated that he sought the transfer on October 30, 2000, which is well beyond the four-year statute of limitations. Id., p. 6. Plaintiff claimed that, in order to get the transfer approved, he would

have to sign out of protective management and remove himself from the gender dysphoric roster. Id., pp. 6-7. Plaintiff argued this would limit his access to transgender accommodations, would deny him "better and safer living conditions," and amounted to gender discrimination. See ECF No. 8, generally. Plaintiff did not attribute any discussions or denial of any transfer request to any identifiable prison official and did not provide any set of facts relating to any act or omission by the FDOC secretary. Id. Plaintiff admitted that the policy "in no way excludes transgender inmates." Id., p. 5. Again, Plaintiff only sought injunctive relief blocking the FDOC from denying his transfer request. Id. Again, the Court directed Plaintiff to amend the deficiencies. ECF No. 10. Plaintiff filed his second amended complaint, which remains legally insufficient for the reasons stated below. ECF No. 13.

### III. Plaintiff's Second Amended Complaint, ECF No. 13.

Plaintiff's second amended complaint raises the same issues as his prior complaints; now, he sues the FDOC. ECF No. 13. Plaintiff wants a transfer to Everglades C.I. instead of Dade C.I.[3] (which offers transgender accommodations) because Dade C.I. has a higher incidence of gang activity and violence. Id., p. 6. Plaintiff claims he is eligible for a transfer under the

---

[3] According to Plaintiff's initial complaint, FDOC houses transgender inmates at three facilities: Florida State Prison, Wakulla Annex, and Dade C.I. ECF No. 1, p. 6.

Case No.: 4:21-CV-00363-MW-MAF

incentivized program but, again, provides no dates relating to his eligibility determination or denial of any request for transfer. Plaintiff attributes the denial of his requests to no identifiable prison official. See ECF No. 13, generally. Plaintiff failed to cure the deficiencies outlined by the Court; and he was provided with ample opportunity to properly amend. Ultimately, Plaintiff fails to state a claim upon which relief can be granted.

IV.   **Shotgun Pleadings are Not Permissible**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quotation marks and alterations omitted). "Further, the allegations in the complaint 'must be simple, concise, and direct,'" Fed. R. Civ. P. 8(d)(a), and the complaint must 'state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances,' Fed. R. Civ. P. 10(b)." LaCroix v. W. Dist. of Ky., 627 F. App'x 816, 818 (11th Cir. 2015).

Here, the Complaint is largely a narrative of legal conclusions. "A 'shotgun pleading' - one in which 'it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief'—does not

comply with the standards of Rules 8(a) and 10(b)." Id. (citations omitted). The Eleventh Circuit "has repeatedly condemned shotgun pleadings." Id. (citing PVC Windoors, Inc. v. Babbitbay Beach Constr., N.V., 598 F.3d 802, 806 n.4 (11th Cir. 2010)). Vague pleadings which assert legal conclusions rather than facts violate Rule 8 and are insufficient to proceed.

The Eleventh Circuit has identified four rough types or categories of shotgun pleadings. See Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (citations omitted). The most common type is "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." Id. at 1321. Next, is a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. The third type of shotgun pleading does not separate "into a different count each cause of action or claim for relief." Id. at 1323.

"Fourth, and finally, there is" the pleading which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. "The unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give

the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id.

As narrated above, Plaintiff brings forward claims against the FDOC, but his claim without more amounts to little more than legal conclusions since he points to no act or omission involving FDOC. In fact, he points to no act or omission by any prison official.

The Court previously directed Plaintiff to name as defendants only those persons who are responsible for the alleged constitutional violations. Furthermore, Plaintiff cannot simply "plead the bare elements of [a] cause of action" but must provide facts which present a "plausible claim for relief" to survive a motion to dismiss. See Randall v. Scott, 610 F.3d 701-708-09 (11th Cir. 2010) (concluding there is no "heightened pleading standard" under Rule 8, including civil rights complaints) (citing Ashcroft v. Iqbal, 556 U.S. 662, 687 (2009)). Legal conclusions are insufficient. Moreover, even if Plaintiff were to amend, his claim is likely to be dismissed because he is not constitutionally entitled to a particular prison housing assignment as explained below.

### V. Prison Housing Assignments

In general, prison officials' housing and classification decisions do not give rise to federal constitutional claims encompassed by the protection of

liberty and property guaranteed by the Fifth and Fourteenth Amendments. See Board of Regents v. Roth, 408 U.S. 564, 569 (1972). Nor does the Constitution guarantee a prisoner placement in a particular prison or protect an inmate against being transferred from one institution to another. Smith v. Crews, 738 F. App'x 981, 984 (11th Cir. 2018) citing Meachum v. Fano, 427 U.S. 215, 223-24 (1976) (no liberty interest protected by the Due Process Clause is implicated in a prison's reclassification and transfer decisions); Olim v. Wakinekona, 461 U.S. 238, 245 (1983).

"Prison administrators . . . should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security," the means of which "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." Bell v. Wolfish, 441 U.S. 520, 547 (1979).

The crux of Plaintiff's claim is that he wants to be transferred to Everglades C.I., which is closer to his parents. There are two prison facilities in the same vicinity, but Plaintiff insists on a transfer to Everglades C.I., which

Case No.: 4:21-CV-00363-MW-MAF

does not provide accommodations for transgender inmates. Plaintiff's gender dysphoria does not alter this result. As explained in Smith v. Crews, a prisoner has no "liberty interest in being incarcerated at the FDC institution closest to his county of commitment." 738 F. App'x at 983-84. Florida statutes "create no statutorily protected liberty interest" nor do they confer "a right on inmates to be confined at a particular facility." Id. citing Fla. Stat. §§ 20.315(3) and 944.611.

This Court has repeatedly made clear that Section 944.611 states a preference and desire that an inmate by housed close to his residence, but it does not mandate such placement. It is suggestive only. See Clark v. McNeil, Case No. 5:08-cv-186, 2008 U.S. Dist. LEXIS 95060, 2008 WL 4999224, at *2 (N.D. Fla. Nov. 20, 2008) (finding that a prisoner has no protected right to be incarcerated at any particular institution or region); Johnson v. McNeil, No. 5:08-cv-286, 2009 U.S. Dist. LEXIS 73597, 2009 WL 2589109, at *2 (N.D. Fla. Aug. 19, 2009) (holding that § 944.611 does not establish a protected interest for a Florida inmate to be housed or transferred "to a correctional institution closer to his home."). Because housing assignments are well within the authority of the prisons, the courts are not the appropriate arbiters for resolving a dispute involving the location selected to house an individual inmate.

Plaintiff provides no set of facts suggesting that the prison does not provide proper accommodations for his gender dysphoria or other serious medical need or that he is in any way subjected to confinement that poses a substantial risk of serious harm. Because Plaintiff otherwise fails to state a claim and it is otherwise futile for him to amend, dismissal is warranted.

## VI. Failure to Comply with Court Orders, Fed. R. Civ. P. 41(b)

The Eleventh Circuit has explained that "[a] district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Such authority includes the power to dismiss a case for failure to prosecute or for failure to comply with a court order under Fed. R. Civ. P. 41(b). Id.

Dismissal of the complaint is warranted under Rule 41(b). "The legal standard to be applied under Rule 41(b) is whether there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotes omitted); accord. Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). The Court cannot proceed with a complaint which amounts to a shotgun pleading where Plaintiff has failed to amend his

complaint in accordance with the Court's order. The Court advised Plaintiff that failure to follow Court orders could result in a recommendation of dismissal. ECF Nos. 6, 10.

## VII.   Conclusion and Recommendation

It is respectfully RECOMMENDED that Plaintiff's second amended complaint, ECF No. 13, be DISMISSED because it is an impermissible shotgun pleading and for failure to comply with court orders pursuant to Fed. R. Civ. P. 41(b) and N.D. Fla. L. R. 41.1 See also Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."). Furthermore, Plaintiff fails to state a claim against the FDOC because he is not constitutionally entitled to the housing or classification of his choosing. Finally, it is also recommended that the case be CLOSED and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

IN CHAMBERS at Tallahassee, Florida on December 13, 2021.

> **s/ Martin A. Fitzpatrick**
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).